State *v.* Gurney.

-----

(*) STATE *versus* GURNEY.

It is competent for the Legislature to regulate the sale of an article, of which the use would be detrimental to the morals of the people.

To entitle a party to appeal in a criminal prosecution, nothing more can rightfully be required than reasonable security for the appearance of the appellant, and for the prosecution of the appeal.

On an appeal from the sentence of a magistrate, imposing a lawful penalty for a specified offence, it is not competent for the Legislature to require any *increase* of the penalty to be imposed by the appellate Court after conviction by the jury.

The requiring of any such increase, (as in the sixth section of the Act of 1851, for the suppression of drinking houses and tippling shops,) is an unconstitutional restraint upon the right of trial by jury.

If, however, a defendant, in taking an appeal, acquiesce in the requirements of that Act, he cannot afterwards avail himself of their unconstitutionality, or deny the validity of the appeal.

Such increase of the penalty being unconstitutional and void, the appellate court may, after conviction by the jury, rightfully enforce the appropriate penalty.

The penalty, which the magistrate was required to impose, is to be considered the appropriate penalty.

On motion in arrest of judgment for selling spirituous liquor *by retail*, the rights, (if any,) of an importer to sell foreign liquor, cannot be called in aid of the defendant.

ON REPORT from *Nisi Prius*, WELLS, J., presiding.

The fourth section of statute of 1851, provides that, "if any person shall sell any spirituous or intoxicating liquor, in violation of this Act," he shall forfeit on the first conviction ten dollars and costs.

The sixth section provides that, "if any person shall claim an appeal from a judgment rendered against him, by any Judge or justice, on the trial of such action or complaint, he shall, before the appeal shall be allowed, recognize in the sum of one hundred dollars with two good and sufficient sureties, in every case so appealed, to prosecute his appeal and to pay all costs, fines and penalties that may be awarded against him upon a final disposition of such suit or complaint. And before his appeal shall be allowed, he shall also, in every case, give a bond with two other good and sufficient sureties, running to the town or city where the offence was committed, in the sum of two hundred dollars, that he will not during the pendency of such appeal violate any of the provisions of this Act."—"And in the event of a final conviction before a jury, the defendant shall pay and suffer double the amount of fines, penalties and imprisonment awarded against him by the justice or Judge, from whose judgment the appeal was made."—"And if the recognizances and bonds mentioned in this section shall not be given within twenty-four hours after the judgment, the appeal shall not be allowed."

A complaint was duly made against the defendant Gurney, for selling in violation of the fourth section of the Act. Upon that complaint, he was found guilty before the municipal Judge, and sentenced to pay a fine of ten dollars and costs. From that judgment he claimed and was allowed to appeal. Upon the trial of that appeal, the jury returned a

State *v.* Gurney.

verdict that he was guilty. Whereupon he moved in arrest of judgment for the reasons: —

1. That "the provisions of the Act, upon which said complaint is founded, are in conflict with the constitution of the State.

2. That "no legal sentence can be imposed by the Court."

By agreement of parties the Court were "to enter such judgment as is authorized by law."

*Shepley* and *Hayes*, for the defendant.

The fourth and sixth sections of the Act, taken together, are in manifest conflict with the sixth and ninth sections of article one of the constitution of Maine.

1. They violate that provision of the 6th section of the 1st article of the constitution, which declares, that "in all criminal prosecutions, the accused shall have a right" — "to have a speedy, public and impartial trial, and, except in trials by martial law or impeachment, by a jury of the vicinity." "He shall not be deprived of his life, liberty, property or privileges, but by judgment of his peers, or the law of the land."

This provision guarantees to the accused in all criminal prosecutions, an absolute, unqualified right to a trial by jury; a right dependent upon the performance of no terms or conditions. It is the only constitutional "trial," (except in cases of martial law or impeachment,) to which a person charged with a criminal offence can be subjected, without his consent or acquiescence.

"By necessary construction of this provision, in all criminal prosecutions, an appeal lies from the sentence of a justice of the peace, who tries without a jury, to some court having cognizance of the offence, where a trial by jury may be had." *Johnson's* case, 1 Greenl. 230.

This right of appeal, founded upon the constitution, is absolute, unqualified, unconditional; necessarily so — since it flows necessarily from the absolute, unqualified, unconditional right to a trial by jury. Any conditions or restric-

tions upon the right of appeal, must necessarily be conditions and restrictions upon the right to a trial by jury.

This right of appeal, the Legislature have no power to change, qualify, abridge or burden with conditions, restrictions or terms.

Accordingly, the Revised Statutes give to the accused in criminal prosecutions, an absolute unconditional right of appeal. R. S., c. 170, § 8; *Kendall* v. *Powers*, 4 Met. 553.

These provisions violate the 9th section of the 1st article of the constitution, which declares that "all penalties and punishments shall be proportioned to the offence, excessive bail shall not be required, nor excessive fines imposed, nor cruel nor unusual punishments inflicted."

The 4th section of the Act provides, that if any person shall sell in violation of that Act, on the first conviction, he shall forfeit and pay ten dollars and the costs of prosecution; on the second conviction, twenty dollars and the costs of prosecution; on the third and every subsequent conviction, twenty dollars and costs, and be imprisoned not less than three, nor more than six months.

. The Legislature must have considered these the appropriate punishments for these offences, and as proportioned to the offences. But the 6th section declares that if the appellant is convicted by a jury, he shall forfeit and pay, for the first offence, double the amount fixed by the statute as the appropriate punishment for such an offence, and more than the amount established by the Legislature as the appropriate punishment on a second conviction.

Now if the penalties and punishments provided by the. 4th section are proportioned to the offences therein created, then those required by the 6th section are surely not proportioned to those offences. If the fines of the 4th section are appropriate and reasonable, certainly those in the 6th section are "excessive." This double penalty can be only the infliction of a punishment for claiming one's right to a trial by jury.

The only requirement which can rightfully be made upon an appealing party is, "security for his appearance, to answer the charge against him."

This statute requires "*excessive bail*,". in exacting from a defendant as a condition of appeal, a bond and recognizance with four good and sufficient sureties; and these to be furnished within twenty-four hours.

This statute virtually takes from a defendant the privilege of an appeal, and defeats the right of trial by a jury. This defeat results from the unjustifiable conditions to which the right of appealing is subjected. These conditions require that he recognize with sureties, in the penalty of $100, not merely to prosecute the appeal, and present himself to abide the order of the Court, but to pay all fines, forfeitures and costs; and also require a bond with sureties in the sum of $200, not to violate "any of the provisions of the Act;" and still further require the payment of a double penalty, if convicted by the jury. See Reasonings of CURTIS, J., Law Reporter, March, 1853, pages 619 – 621.

The Act requires a defendant, before he can appeal, to give bond that he will not do an act, allowed to him by the laws of the United States. Those laws *authorize* an importer, in his character as importer, to sell; and *require* the revenue officers to sell imported liquors, for payment of the duties. Yet our State Act prohibits any person from selling, directly or indirectly any spirituous liquor, "except he is appointed agent of some town or city for such sale.

Under a statute, fraught with such gross infractions of the rights of a party, is it possible that any sentence can be pronounced against him?

It is gratifying to know that the absurd and anomalous provisions we have been considering, have recently been repealed by the Legislature, so that the decision in this case is not necessary to settle the construction of a statute which is to continue in practical operation, but we trust it will serve to check the tendency to hasty and unconstitutional legislation recently so prevalent.

*Evans, Attorney General,* submitted without argument.

WELLS, J. — The respondent was charged in a complaint, made to the Judge of the Municipal Court of Saco, with a violation of the law by selling spirituous and intoxicating liquors. Upon conviction in the Municipal Court, he appealed, was tried by the jury and found guilty. He now moves. in arrest of judgment for two reasons. 1. Because the provisions of the Act, upon which said complaint is founded, are in conflict with the constitution of this State. 2. Because no legal sentence can be imposed by the Court.

By the constitution of this State, the Legislature "shall have full power to make and establish all reasonable laws and regulations for the defence and benefit of the people of this State, not repugnant to this constitution, nor to that of the United States." Art. 4, part 3, § 1. Under this branch of the constitution the Legislature would have a right to regulate by law the sale of any article, the use of which would be detrimental to the morals of the people. One of the incidents of civil society is self protection, and this object cannot be effected without necessary police regulations. It is unnecessary to determine the question, whether an importer of foreign liquors could lawfully sell them, when prohibited by a statute of the State. For the defendant sold by retail in the town of Saco, and must be regarded as liable to the penalty prescribed by a statute, which the Legislature had the constitutional authority to enact.

But it is contended, that the provisions of the sixth section of the Act of 1851, upon which the complaint was founded, are unconstitutional. The respondent had a right to a trial by jury, and to obtain it, it was necessary that he should appeal. If he had, upon taking the appeal, claimed the right to do so, and refused to have complied with the objectionable provisions, he would have placed himself in a position to contest the constitutionality of them. Nothing more than reasonable security for his appearance should be required of an appellant seeking a trial by jury. By the Re-

vised Statutes, c. 170, § 8, one may appeal in a criminal case, and the justice or Judge of the Municipal Court shall grant the appeal, and order the party " to recognize in a reasonable sum, not less than twenty dollars, with sufficient sureties for his appearance, and for prosecuting his appeal, and he shall stand committed till the order is complied with." Thus he may appeal, and whether he goes into jail or enters into a recognizance, he can claim a trial by jury. If the sixth section of the Act before mentioned was unconstitutional and void, no such objection would lie to the provisions of the Revised Statutes, and the respondent might have claimed an appeal in conformity with them. They would apply to all cases where one might claim an appeal under subsequent statutes, if they were not changed. If, then, the sixth section should be considered void, that infirmity would not infect the residue of the statute, and render its other requirements inoperative. The general statute would supply any such defect, and applying to all cases of a similar character without exception, would prescribe the terms of an appeal.

But the respondent complied with the conditions imposed upon him, and his appeal was allowed. The appeal was lawful, and the case was properly entered and prosecuted in the appellate court, and although conditions were prescribed more rigorous than the constitution might justify, such requisitions would not annul the appeal. If a magistrate, before he would grant an appeal, should require the payment of an unlawful sum of money, and the appellant should pay it, the appeal would be valid, and the law would furnish a remedy for the unlawful act. The requirement of unlawful bonds must stand upon the same ground; they would be void, while an appeal in itself legal and correct would be valid.

In the case of *Greene* v. *Briggs*, 15 Law Reporter, 614, the goods were replevied and there was no appeal. The order of forfeiture was held to be " invalid for two reasons, first, because there was no sufficient complaint; and secondly, because the plaintiff was deprived of his property by a

criminal prosecution, in which he neither had, nor could have a trial by jury, without submitting to conditions which the Legislature had no constitutional power to impose." If the plaintiff had submitted to such conditions, the case would have been very different from that, which was presented to the consideration of the Court.

But it is also contended, that no legal sentence can be imposed upon the respondent. The sixth section of the Act of 1851 provides, "and in the event of a final conviction before a jury, the defendant shall pay and suffer double the amount of fines, penalties and imprisonment awarded against him by the justice or judge from whose judgment the appeal was made."

The respondent had a right secured to him by the constitution of a trial by jury, and to enjoy it, he must appeal. If he desired to be free from restraint or confinement, he must give reasonable security for his appearance at the trial. The language of the constitution is, that "excessive bail shall not be required." Every condition beyond what is necessary to secure the prosecution of the appeal must be regarded as objectionable. The Legislature has no power to impair a right given by the constitution, it belongs to the citizen untrammeled and unfettered. If the Legislature can impose penalties upon the exercise of the right, they may be so severe and heavy as practically to destroy it. The provision under consideration would have the effect, as it was doubtless intended, to check appeals. It is an additional punishment inflicted upon one, who may be found guilty, for appealing. It may be said, that if a man is guilty, he ought not to appeal. But through the imperfection of human tribunals, acting upon evidence, the guilt or innocence of the accused cannot be made absolutely certain. An innocent man may be declared guilty by a verdict of a jury. And if he is threatened with a double punishment, in case of a final conviction, he might be deterred from appealing by the uncertainty of the result. But the constitution guarantees to the respondent, whether innocent or guilty, a right of

trial by jury, without any qualifications or restrictions. In *Greene* v. *Briggs,* it was said by Judge CURTIS, "I find it equally difficult to reconcile the increase of penalties upon a conviction after an appeal with the unimpaired enjoyment of the right of trial by jury. The Act inflicts a fine of twenty dollars, if a conviction takes place before a justice of the peace. It must be that the Legislature considered this the appropriate penalty for the offence. Certainly it cannot be said that the offence is aggravated by the accused having claimed a trial by jury. For what then is the additional penalty of eighty dollars, or the additional imprisonment of thirty days, inflicted? If the offence remains the same, and the offender has done nothing but claim an appeal, in order to have his case tried by a jury, must not these additional penalties be founded on the exercise of that right?"

This provision of the statute must be regarded as an unnecessary restraint upon the right of appeal, and therefore in conflict with the constitution, and inoperative and void. But the fourth section of the Act provides, that the offender "shall forfeit and pay on the first conviction, ten dollars and the costs of prosecution, and shall stand committed until the same be paid," &c. This appears to be an appropriate fine, and it is not stated by what tribunal it may be imposed, and any one having jurisdiction may exercise that power. As the double penalty cannot rightfully be inflicted, the single one must remain, especially as its imposition is not confined by the statute to the action alone of a justice of the peace, or Judge of a Municipal Court. This Court has therefore authority to impose a legal sentence.                                    *Motion overruled.*

SHEPLEY, C. J., and TENNEY and HOWARD, J. J., concurred.