† INHABITANTS OF SACO *versus* WOODSUM *&* *als.*

By § 13 of c. 48, of Acts of 1853, it is provided, that if any person shall claim an appeal, as specified in § 6, of c. 211, of Acts of 1851, the Judge or justice shall grant his appeal and order him to recognize in the sum of one hundred dollars, with sufficient sureties, for his appearance, and for prosecuting his appeal, and he shall stand committed until the order is complied with, *and he shall also give a bond as therein provided.*

So much of this section as requires the giving of the bond, is in violation of the provisions of the Constitution, and inoperative and void.

And any sale of spirituous or intoxicating liquors by the principal obligor, during the pendency of the appeal, in connection with which such bond was given, creates no liability on the part of the obligors.

But where an action is commenced upon such a bond, and the selectmen of the town interested indorsed upon it their approval of the suit, no costs are recoverable by the defendants.

ON FACTS AGREED.

DEBT, ON A BOND.

The principal obligor was convicted before a magistrate, on Aug. 17, 1853, of a violation of § 4, c. 211, of Acts of 1851, and was sentenced; from which he appealed and gave the bond in suit, and during the pendency of that appeal, sold spirituous liquor without any authority under the laws of the State.

The conclusion of the bond was in these words : — Now, therefore, if the said Moses Woodsum, shall not, during the pendency of said appeal, violate any of the provisions of said Act, then this bond shall be void; otherwise, to remain in full force.

The Court were authorized to enter such judgment as the law required.

*Hayes*, for defendants.

*Tapley*, for plaintiffs.

TENNEY, J. — Section 6, of c. 211, of the statutes of 1851, entitled "An Act for the suppression of drinking houses and tippling-shops," is essentially changed in some respects by the additional Act of 1853, c. 48, § 13. The part requiring a recognizance, with certain onerous conditions,

before an appeal could be allowed, is expressly repealed. And it is provided in the same section of the latter statute, that " if any person shall claim an appeal, as specified in said sixth section, the Judge or justice shall grant his appeal, and order him to recognize in the sum of one hundred dollars with sufficient sureties, for his appearance and for prosecuting his appeal, and he shall stand committed until the order is complied with, and he shall also give a bond, as therein provided." All Acts and parts of Acts inconsistent with the Act of 1853, referred to, are thereby repealed.

It is insisted in behalf of the plaintiffs, that the allowance of an appeal from the decision of the Judge or justice of the peace, which is imperatively required, upon a claim therefor, is inconsistent with the requirement of a bond, as a condition upon which an appeal could have been obtained, and therefore, this condition is to be treated as no longer existing in the law.

By the additional statute of 1853, a recognizance is not requisite to entitle the accused to an appeal, but if he claims it, he is to stand committed till the order to furnish the recognizance is complied with. But there being no provision in the statute of 1851, or that of 1853, that he shall stand committed, till he furnish the bond, it is quite clear, that the omission to perform this part of the statute requirement, can be attended or followed by no disadvantage to him in any respect, upon the construction contended for, on the part of the plaintiffs. For the appeal being claimed, secures that to the appealing party, though he fail to recognize. It can hardly be supposed, unless the language used will admit of no other reasonable interpretation, that the Legislature intended a construction, which must practically dispense with a solemn provision of the Act. To avoid this, it is insisted, that the accused is required to give the bond, on the principles of preventive justice, such as is provided in R. S., c. 168, § 5, and in c. 169. By this construction no greater inducements are presented for a fulfillment of the provision. No mode is provided to compel the

party to produce the bond; as there, is no power given to the Judge or justice of the peace to order him to be retained in custody until the bond shall be filed, as in the statutes referred to, where it is provided that the party charged shall recognize with sufficient sureties to keep the peace, &c. And it cannot be inferred with any degree of certainty when the bond shall be as provided by the former statute, that the purpose of the Legislature was so essentially changed, as is contended. In order to ascertain the meaning of the provisions of the Act of 1853, touching appeals from the decisions of Judges and justices of the peace, it is proper to examine every thing in the section having reference to that subject. The party wishing to appeal shall give a bond as is provided by the Act of 1851, § 6. This provision is in the same sentence with the subject, treating of the appeal. To be "a bond as therein provided," it must be for the same sum, with similar conditions, executed by the appellant, with two good and sufficient sureties, other than the sureties who recognize for his appearance, and for prosecuting the appeal.

The person accused by the former statute, was required to give the bond, "before his appeal shall be allowable." If this was indispensable to secure the appeal, it is difficult to perceive that a bond given *after* the appeal is fully secured, can be such as is "therein provided." The part of the sixth section, making it necessary that the bond shall be given before the appeal can be allowed, is as imperatively demanded by the thirteenth section of the statute of 1853 as that it shall be for the sum of two hundred dollars, and be executed by two good and sufficient sureties. The requirement that the appeal shall be allowed, if claimed, and that the appellant shall give the bond before it can be allowed, are in no respect inconsistent, upon a fair construction of this part of the statute. The former was not intended to give an unconditional right of appeal, but to secure to the party a right to be tried by a jury, and in a Court where a jury is in attendance; the latter was designed as

the condition on which the appeal could be allowed. But the construction insisted upon in behalf of the plaintiff, must necessarily dispense with an essential part of the provision, that the bond under the statute of 1853, shall be such as is provided by that of 1851.

A bond under the statute of 1851, required by the justice, against the protest of the appellant before the appeal was allowed, was held by this Court to be in violation of the constitution, as impairing the right to a trial by a jury. *Saco* v. *Wentworth & als.*, 37 Maine, 165. In this case, the Court is to enter such judgment upon the report, as the law and the facts require. It appears from the condition of the bond, that the principal therein was adjudged guilty of a violation of the provisions of § 4, of an Act entitled " an Act for the suppression of drinking-houses and tippling-shops," approved June 2, 1851, and had appealed from said judgment; and therefore, if the said Woodsum should not during the pendency of said appeal, violate any of the provisions of said Act, then this bond should be void, otherwise to remain in full force.

The bond was to prevent the principal from violating the Act of 1851, or oblige him and his sureties to incur the penalty of the bond. No other Act is mentioned or referred to. That Act required the bond to be given before the appeal should be allowed. The Act of 1853 required the same thing. The bond in this case was given as we must presume, because the statutes in their terms required it, for the purpose of enabling the accused to have a jury trial in an appellate Court. To suppose it to have been given independently of the statutes, and the order of the justice, is not in accordance with the facts of the case and every reasonable inference. The statute, so far as it required the bond given in this case, was a violation of the provisions of the constitution, and that provision was inoperative and void. And any sale of spirituous or intoxicating liquors during the pendency of that appeal by the principal

obligor, did not create a liability upon the bond against the defendants, under the facts of this case.

*Plaintiffs nonsuit.*

But the selectmen having indorsed their approval of this suit upon the writ, under the provisions of the statute of 1853, c. 48, § 13, no costs are allowed to the defendants.