**OPINION OF THE JUSTICES of the Supreme Judicial Court Given Under the Provisions of Section 3 of Article VI of the Constitution.**

Questions Propounded by the House in an Order Dated May 11, 1971.

Supreme Judicial Court of Maine.

May 20, 1971.

House Order Propounding Questions

State of Maine
House of Representatives,
105th Legislature.

Whereas, it appears to the House of the 105th Legislature that the following are important questions of law, and that the occasion is a solemn one; and

Whereas, there is developing a large backlog of criminal cases in the Superior Court throughout the State because of appeals of petty offenses from the District Court ostensibly for the purpose of having a jury trial; and

Whereas, many of these petty offenses are never tried before a jury but are dismissed or otherwise disposed of, they being matters which involve an inordinate amount of time of the court and court officials; and

Whereas, there is pending before the 105th Legislature H.P. 1305, L.D. 1711, AN ACT Permitting Trials for Petty Offenses Without a Jury, a copy of which is attached hereto; and

Whereas, serious questions as to the constitutionality of the provisions of the above-cited legislative document have arisen; and

Whereas, it is important that the legislature be informed as to the answers to the important and serious constitutional questions hereinbefore raised:

Now, Therefore Be it Ordered, that the Justices of the Supreme Judicial Court are hereby respectfully requested to give to the House, according to the provisions of the Constitution on its behalf, Article VI, Section 3, their opinion on the following questions, to wit:

If Legislative Document 1711, House Paper 1305, is enacted by the Legislature, will it be constitutional in view of the language concerning trial by jury in all criminal prosecutions as expressed in the

Constitution of Maine, Article I, Section 6 and Article I, Section 7?

If Legislative Document 1711, House Paper 1305, is enacted by the Legislature, will it be constitutional in view of the language concerning trial by jury as expressed in the Sixth Amendment of the United States Constitution?

House of Representatives
Read and
May 11, 1971
Tabled Pending passage under the Rules
Tomorrow Assigned
Bertha W. Johnson
Clerk

House of Representatives
Taken from the table
out of order by
unanimous consent
Passed
May 12, 1971
Bertha W. Johnson
Clerk

Name: Lund

Town: Augusta

A true copy,

Attest: <u>Bertha W. Johnson</u>
       Clerk of the House

---

Legislative Document                      No. 1711

H. P. 1305           House of Representatives, May 6, 1971

Reported by Mr. Hewes from Committee on Judiciary and printed under Joint Rules No. 18.

BERTHA W. JOHNSON, Clerk

STATE OF MAINE

IN THE YEAR OF OUR LORD NINETEEN HUNDRED
SEVENTY-ONE

AN ACT Permitting Trial for Petty Offenses Without a Jury.

Be it enacted by the People of the State of Maine, as follows:

R. S., T. 15, § 1261, additional. Title 15 of the Revised Statutes is amended by adding a new section 1261, to read as follows:

§ 1261. Petty offenses; trial without jury

The Supreme Judicial Court shall by rule establish a procedure to provide for nonjury trials of petty offenses without consent of the defendant. "Petty offenses" are defined as those offenses punishable by fine only and not by imprisonment in which the authorized fine does not exceed $250, and those offenses punishable by fine or imprisonment or by both in which the authorized fine does not exceed $250 and the authorized imprisonment does not exceed 90 days and in which the court, in advance of trial, shall have waived its authority to impose a sentence of imprisonment.

---

Answers of the Justices to the Honorable House of Representatives of the 105TH Legislature of the State of Maine

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the

Supreme Judicial Court, have the honor to submit the following answers to the questions propounded on May 11, 1971:

Question 1: If Legislative Document 1711, House Paper 1305, is enacted by the Legislature, will it be constitutional in view of the language concerning trial by jury in all criminal prosecutions as expressed in the Constitution of Maine, Article I, Section 6 and Article I, Section 7?

■ Answer: We answer in the negative. In rendering our several opinions as Justices of the Supreme Judicial Court, given in a non-adversary setting, we are ever mindful of the careful distinction which has always been made as between such advisory opinions and decisions of the Law Court. See Laughlin v. City of Portland (1914) 111 Me. 486, 497, 90 A. 318; See Martin v. Maine Savings Bank (1958) 154 Me. 259, 269, 147 A.2d 131. We look no further than to the language of our Constitution and to the holdings and statements of accepted governing principles found in our decisional law. Article I, Section 6 provides in pertinent part:

*"In all criminal prosecutions,* the accused shall have a right * * * (t)o have a speedy, public and impartial trial, and, except in trials by martial law or impeachment, by a jury of the vicinity." (Emphasis ours)

The words are clear and unambiguous. Conspicuously lacking is any expressed limitation upon the type of "criminal prosecution" as to which the right is guaranteed. In 1821 at a time when it must be assumed our Court was in a favorable position to know and express the intention of the framers, *Johnson's Case,* 1 Me. 230 was decided. Although the Court was only obliged to hold that a right of appeal existed from a conviction by a Justice of the Peace in a misdemeanor case, the Court based the procedural appeal right upon the more fundamental constitutional right. The Court said:

"The right, however, in this State, is placed on a more durable basis than the pleasure of the legislature. * * * In order to give effect to this provision, (Art. I, Sec. 6 above quoted) the accused *must, of necessity,* be entitled to an appeal from the sentence of a Justice of the Peace, who tries without the intervention of a jury, to the Circuit Court of Common Pleas, *where a trial by jury may be had."* (Emphasis supplied)

The basic principle announced in *Johnson* has been applied and reaffirmed on numerous occasions and has never heretofore been refined, limited or questioned. Saco v. Wentworth (1853) 37 Me. 165; Saco v. Woodsum (1855) 39 Me. 258; State v. Intoxicating Liquors (1888) 80 Me. 57, 62, 12 A. 794. In State v. Gurney (1853) 37 Me. 156, 163 the Court emphasized the broad sweep of the constitutional language when it said, "But the constitution guarantees to the respondent, whether innocent or guilty, a right of trial by jury, *without any qualification or restrictions."* (Emphasis supplied) Finally, in Sprague v. Androscoggin County (1908) 104 Me. 352, 354, 71 A. 1090, 1091, the Court said, "It is too well settled to require discussion, that one put on trial in a municipal court for an offense within its jurisdiction is not unconstitutionally deprived of his right to a trial by jury when he is freely allowed an appeal to a court where a jury trial can be had."

The proposed legislation suffers from the constitutional infirmity of depriving an accused in certain defined types of "criminal prosecutions," without his consent, to the right of trial by jury.

■ We take the liberty of adding this caveat. L.D.1711 purports to confer upon the court the discretionary power to "waive," *in advance of trial,* its authority to impose a sentence of imprisonment. We suggest that the legislative branch of government may not properly confer powers exclusively reserved to it upon another branch of government. We read in United

States v. Wiltberger (1820) 5 Wheat. 76, 95, 5 L.Ed. 37, 42. "(T)he power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the court, which is to define a crime, and ordain its punishment." See also Hackfeld v. United States (1905) 197 U.S. 442, 450, 25 S.Ct. 456, 49 L.Ed. 826; Morgan v. Devine (1915) 237 U.S. 632, 641, 35 S.Ct. 712, 59 L.Ed. 1153. Moreover, the discretionary power of the court to "waive" such authority in some but not in all cases standing on the same footing would appear to run counter to the intendment of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States. Lastly, the use of the mandatory word "shall" in the first line of the proposed Act would if literally and strictly construed encroach upon the principle of the separation of the branches of government.

Question 2. If Legislative Document 1711, House Paper 1305, is enacted by the Legislature, will it be constitutional in view of the language concerning trial by jury as expressed in the Sixth Amendment of the United States Constitution?

Answer: In view of our answer to Question 1, we deem it unnecessary to answer this question.

Bearing in mind that the Legislature, prompted by a commendable desire to find ways of promoting the administration of justice, may at some future time decide to propose an amendment to Article I, Section 6 of the Constitution of Maine, we would offer this caveat. Such a proposal should be accompanied by legislative consideration of the possible impact of 34 M.R.S.A., Sec. 802 as amended and 34 M.R.S.A., Sec. 853 as amended, which in the case of certain groups defined by sex and age permit incarceration in a Correctional Center for not exceeding three years for any offense punishable by imprisonment in a county Jail. Such a constitutional amendment, if pro-

posed, should also take account of the then most recent decisions of the United States Supreme Court, interpreting Sixth Amendment rights. The precise limits with respect to the right to trial by jury as imposed by the Sixth Amendment via the Fourteenth Amendment upon the States remain unresolved. See Order of the United States Supreme Court Prescribing Rules of Procedure for the Trial of Minor Offenses Before (Federal) Magistrates effective January 27, 1971 and dissenting opinion of Mr. Justice Black joined by Mr. Justice Douglas. 8 Cr.L. 3091; 51 F.R.D. 197, 199, 206. Although it is evident that in this area the Federal Constitution as interpreted is less exacting than the Maine Constitution as heretofore interpreted by the Maine Court, it is not yet clear at precisely what level the line between "petty" and "serious" offenses will be drawn. We can safely conclude that if the maximum possible sentence exceeds a jail sentence of more than six months, jury trial is required. Baldwin v. New York (1970) 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437; Duncan v. Louisiana (1968) 391 U.S. 145, 159, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491. But we read in *Duncan,* "Crimes carrying possible penalties up to six months do not require a jury trial *if they otherwise qualify as petty offenses."* (Emphasis ours) In District of Columbia v. Colts (1930) 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177, even though the maximum penalty was substantially less than six months, the offense was deemed to be of its very nature "serious" so as to require jury trial. In the light of these decisions interpretation of the Sixth Amendment right remains uncertain.

DATED at Auburn, Maine, this twentieth day of May, 1971.

Respectfully submitted, ARMAND A. DUFRESNE, Jr., DONALD W. WEBBER, RANDOLPH A. WEATHERBEE, CHARLES A. POMEROY, SIDNEY W. WERNICK, JAMES P. ARCHIBALD.