**STATE of Maine**

v.

**Edward L. BENNER.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 11, 1989.
Decided Jan. 30, 1989.

---

1. *See State v. Sargent,* 536 A.2d 1133 (Me.1988).

■

William R. Anderson, Dist. Atty., Leanne M. Zainea, Asst. Dist. Atty., Rockland, for plaintiff.

Joseph Steinberger, Rockland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

WATHEN, Justice.

Defendant Edward L. Benner appeals from his conviction of unlawful trafficking in scheduled drugs following his entry of a conditional guilty plea after the Superior Court (Knox County, *Silsby, J.*) denied his motion to dismiss the indictment. He argues on appeal that the legislative definition of "unlawful trafficking", which includes "to grow or to cultivate", (17–A M.R.S.A. § 1101(17)(B) (1983 & Supp. 1988–1989)), conflicts with common understanding of the term "trafficking" and thus unfairly stigmatizes him in violation of the due process guarantees of both the Maine and United States Constitutions.

We have previously recognized the authority of the Legislature to define crimes. In *State v. King*, 330 A.2d 124, 127 (Me. 1974) we stated:

> The traffic in illicit drugs is a social phenomenon causing widespread concern. The legislature is the voice of the sovereign people, who are entitled to expect that legislative enactments rationally related to valid public policy will be given full effect.
>
> . . . .
>
> It seems to us that the interest of the legislature is paramount in the field of penology and the public safety. The legislature *defines the contours of the crime itself,* sets the limits for punishment, and provides for implementing and administering the system of correction.

(emphasis added). *See also Opinion of the Justices*, 278 A.2d 693, 696 (Me.1971) "the power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the court, which is to define a crime and ordain its punishment." (quoting *United States v. Wiltberger*, 18 U.S. (5 Wheat) 76, 95, 5 L.Ed. 37 (1820)). Accordingly, we conclude that defendant's argument is without merit.

The entry is:

Judgment affirmed.

All concurring.