### STATE *vs.* BENJAMIN L. JONES.

### Knox. Opinion March 16, 1882.

*Assault and battery, Jurisdiction. Police court, Rockland. R. S., c. 118, § 28.*

The Supreme Judicial Court has original jurisdiction by indictment of the offense of assault and battery. This jurisdiction is concurrent with the jurisdiction of municipal and police courts and trial justices when the offense is not of a high and aggravated character.

The act establishing the police court of Rockland, confers upon it "exclusive jurisdiction over all such criminal offenses committed within the limits of said city as are cognizable by justices of the peace or trial justices;" *Held*, that this means exclusive, not as against all courts, but only as against courts of the same grade, as against justices of the peace and trial justices.

ON motion to dismiss the indictment.

Indictment for assault and battery.

The terms of the report provided that if this court has original jurisdiction, and the indictment can legally be found by the grand jury, the case was to stand for trial; otherwise a discontinuance was to be entered.

*H. B. Cleaves*, attorney general, for the State, cited: Priv. stat. 1850, c. 166; 1852, c. 283; 1854, c. 360, § 11; 1861, c.

78; R. S., c. 132, § 4; stat. 1879, c. 114; *John Hersom, Petitioner,* 39 Maine, 476.

*D. N. Mortland,* for the defendant, contended that the police court of Rockland, had exclusive jurisdiction of the offense charged in the indictment, by the act establishing the court, stat. 1861, c. 78, and cited, *State* v. *Billington,* 33 Maine, 146.

PETERS, J. This is an indictment in common form for assault and battery. The motion is to dismiss the indictment because it is for a minor offense, a subject for complaint and not indictment, exclusively within the jurisdiction of the police court of Rockland.

By § 4, c. 132, R. S., judges of municipal and police courts, and trial justices, have jurisdiction of assaults and batteries when the offense is not of a high and aggravated character. But it is not therein or elsewhere prescribed that they shall have exclusive jurisdiction in such cases.

Section 1, c. 131, R. S., provides, that "the Supreme Judicial Court shall have original jurisdiction, exclusive or concurrent, of all criminal offenses, except those of which the jurisdiction is conferred by law on municipal and police courts and trial justices, and appellate jurisdiction of these." This section is a combination of several previously existing statutory provisions, and the meaning at first view may not be clear. But the words "the jurisdiction," in their connection in this section, mean more than the word jurisdiction simply would imply. Here the words mean all (original) jurisdiction, or the exclusive (original) jurisdiction. Otherwise the words in the section, "or concurrent," would have no meaning. The case of *State* v. *Mullen,* 72 Maine, 466, is decisive of this case.

Further: By § 28, c. 118, R. S., the offense of assault and battery is punishable by imprisonment less than one year, or by fine not exceeding two hundred dollars, and by c. 82, laws of 1872, the punishment is enlarged so as not to exceed five years in the state prison, or a fine of one thousand dollars. And now an assault and battery may be a felony. *State* v. *Goddard,* 69 Maine, 181. Of course an aggravated assault and battery

would ordinarily be beyond the jurisdiction of police courts or trial justices. Still, we cannot know of what grade the offense is by the allegations. There is no necessity of alleging particular enormities. It is "assault and battery" that is thus punishable. Whether an assault and battery shall be punished as of a high and aggravated character, depends upon the proof and not the intensity of the allegations. If a committing magistrate finds, by the proof, that the offense charged is a minor matter, he can retain the case to be disposed of within his own jurisdiction. If otherwise, he should send the case to the court above, as an offense fit for indictment and beyond his jurisdiction.

The act establishing the police court of Rockland, confers upon it "*exclusive* jurisdiction over all such criminal offenses committed within the limits. of said city as are cognizable by justices of the peace or trial justices." This means exclusive, not as against all courts, but only as against courts of the same grade, as against justices of the peace and trial justices. The act allows that court to absorb the jurisdiction which before belonged to justices of the peace and trial justices.

*Case to stand for trial.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.