MICHAEL BURKE *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

May 10, 1886.

**Constitution—Judicial Power—Justices of the Peace—Municipal Court of Minneapolis.**—The provision of Sp. Laws 1885, c. 74, § 1, conferring upon the municipal court of Minneapolis "exclusive jurisdiction * * * of all civil actions and proceedings heretofore cognizable before a justice of the peace, the defendant or garnishee in which resides within the lim-its of the city of Minneapolis;" and the provision of section 14 of the same chapter, that "no justice of the peace shall have jurisdiction to issue any summons or process in any civil action excepting executions, to be served within said city of Minneapolis, and any service of any such summons or process from a justice of the peace made within said city shall be void," —are not unconstitutional.

Plaintiff brought this action before a justice of the peace of Hen-nepin county. The summons was served on the defendant in the city of Minneapolis in that county. On the return day the defend-ant appeared specially, and moved to dismiss, on the ground that the justice had no jurisdiction, because it appeared that the summons was served in the city of Minneapolis. This motion was denied and judgment rendered for the plaintiff. The defendant appealed upon

questions of law alone to the district court, where the action was dismissed by *Young*, J., on the defendant's motion.    Plaintiff appeals from an order refusing a new trial.

*Jas. R. Corrigan*, for appellant.

*H. C. Irish*, for respondent.

BERRY, J.    Section 8, article 6, of our constitution declares that "the legislature shall provide for the election of a sufficient number of justices of the peace in each county, * * * whose duties * * * shall be prescribed by law."    This commits the question of *how many* justices there shall be in any county, and *what* shall be their duties, entirely to legislative discretion.    Hence it is not only competent, but proper, for the legislature to determine for any good reason that none are required in any given county, or portion thereof, or that the duties of such as are required shall be restricted; as, for instance, where provision is made by law for the exercise of their usual powers, or the discharge of their usual duties, or of such as are withheld from them, by some other tribunal or officer better suited to the purpose in the judgment of the legislature.    Such provision may be made under the last clause of section 1, article 6, of our constitution, which declares that "the judicial power of the state shall be vested in a supreme court, district courts, courts of probate, justices of the peace, and such other courts, inferior to the supreme court, as the legislature may from time to time establish by a two-thirds vote."    Under the latter clause of this section the legislature has established the municipal court of Minneapolis, and has, among other things, and presumably for good reasons, provided in Sp. Laws 1885, *c.* 74, § 1, that such court shall have "exclusive jurisdiction * * * of all civil actions and proceedings heretofore cognizable before a justice of the peace, the defendant or garnishee in which resides within the limits of the city of Minneapolis;" and, in section 14, that "no justice of the peace shall have jurisdiction to issue any summons or process in any civil action, excepting executions, to be served within said city of Minneapolis; and any service of any such summons or process from a justice of the peace made within said city shall be void."    The authority of the legislature to make enactments of this kind is

not at all affected by the fact that they will reduce the number of justices theretofore authorized in a county, or cut down their powers. Both of these results are within the scope of section 8, article 6, as above expounded.

It follows that, in our judgment, the jurisdiction conferred upon the municipal court of Minneapolis, exclusive of justices of the peace, is authorized by the constitution, and in this opinion we are supported by *Wales* v. *Belcher*, 3 Pick. 508, as well as by a course of legislation in this state in establishing several other municipal courts with like jurisdiction. See, also, Cooley, Const. Lim. *361.

Order affirmed.