STATE OF MINNESOTA *ex rel.* ALBERT E. QUINN *vs.* VILLAGE COUNCIL OF VILLAGE OF CLOQUET *et al.*

Submitted on briefs Dec. 7, 1892. Decided Dec. 16, 1892.

**Constitution, Art. 4, § 33, 7th, 9th, Construed.**

> Sp. Laws 1891, ch. 265, making it the duty of defendants to designate the official newspaper of the village, and have published in it the proceedings and minutes of the council, is not in violation of the amendment to the constitution adopted in 1881 (article 4, § 33) prohibiting special laws "for granting corporate powers or privileges except to cities" or "for incorporating any town or village."

Appeal by defendant, The Village Council of the Village of Cloquet and George Muggah, Recorder of the Village, from a judgment of the District Court of Carlton County, *Ensign,* J., entered August 26, 1892, directing a peremptory writ of *Mandamus* to be issued,

commanding the defendants to comply with the provisions of Sp. Laws 1891, ch. 265.

This Act required the Village Council of Cloquet to publish, or cause to be published, for one week in some weekly newspaper of general circulation in the village, their proceedings at each general or special session. Albert E. Quinn, on October 24, 1891, filed his information in the District Court of Carlton county, stating that he resided in said village and published a weekly newspaper there, called "The Pine Knot." That the Council had held meetings and the Recorder had kept minutes of their proceedings, but had failed to have them published, and that the Council had refused to have them published. He prayed that an alternative writ of *Mandamus* issue, commanding the Council and Recorder to publish these proceedings from time to time, or show cause to the contrary at a time and place to be fixed by that court.

The writ was issued, commanding the respondents to show cause at the Judge's Chambers in Duluth on October 31, 1891, at ten o'clock in the forenoon. They demurred on the ground that the information and writ did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and judgment entered, that a peremptory writ issue. Respondents appeal.

*Cash & Williams*, for appellants.

Appellants contend that the information fails to state a cause of action, for the reason that Sp. Laws 1891, ch. 265, is in contravention of the constitution of this state. Art. 4, § 33, 7th, 9th. *Green* v. *Knife Falls Boom Corp.*, 35 Minn. 155; *State of Ohio* v. *Cincinnati*, 20 Ohio St. 18; *Atkinson* v. *Marietta & C. R. Co.*, 15 Ohio St. 21; *San Francisco* v. *Spring Valley Water Works*, 48 Cal. 493; *Spring Valley Water Works* v. *Bryant*, 52 Cal. 132; *Attorney Gen'l* v. *Chicago & N. W. Ry. Co.*, 35 Wis. 425; *Kimball* v. *Town of Rosendale*, 42 Wis. 407; *Stephens Point Boom Co.* v. *Reilly*, 44 Wis. 295.

*H. Oldenburg*, for respondent.

Respondents contended that a practical construction of these constitutional provisions has been adopted supporting the constitu-

tionality of similar laws, citing over three hundred special laws of a like character enacted since 1881. To declare the law in question unconstitutional, would be to promote almost endless litigation, and cast doubt upon all the rights supposed to be secured by these hundreds of special acts.

The act in question does not create a new corporation, nor confer new powers on one already in existence; but simply regulates the manner of making public the proceedings of the village council, and does it by compelling the exercise of a power already granted.

GILFILLAN, C. J. Sp. Laws 1891, ch. 265, made it the duty of the village council of the village of Cloquet, Carlton county, to cause its proceedings to be published in some weekly newspaper of general circulation in the village, and to designate an official newspaper for the village. As there was but one paper that came within the description in the act, it is manifest that the act was a legislative "job," and of a piece with a vast amount of legislation that has been done of late years by which private interest rather than the public good has been subserved, and which kind of legislation the constitutional amendment submitted at the last general election is intended to prevent.

It is claimed the act is in violation of the constitution as amended in 1881, (article 4, § 33,) prohibiting special or private laws "for granting corporate powers or privileges except to cities," or "for incorporating any town or village."

The act, however objectionable it may be in other respects, does not come within either of those inhibitions. It incorporates no town or village. It grants no corporate power or privilege. It assumes, at the most, merely to regulate the exercise of powers and duties already existing. It was the duty of the council, before the act, to make its proceedings public by having them set forth in the minutes of its meetings. Requiring still further publicity to such proceedings certainly does not add anything to the corporate powers or privileges.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 1016.)