### M. J. DAHLSTEN v. LOUIS ANDERSON.[1]

November 16, 1906.

Nos. 14,704—(9).

**Special Legislation—New Courts.**
> Section 33, article 4, of the constitution prohibiting special legislation upon certain enumerated subjects, has no application to the power of the legislature to create new courts under section 1 of article 6, nor to an amendment of an act creating and establishing a court thereunder.

**Passage of Amendments.**
> It is not essential to the validity of such an amendment, as to matters of practice and procedure, that it be passed by a two-thirds vote of both branches of the legislature.

**Municipal Court of Duluth.**
> Chapter 397, p. 664, Laws 1901, is constitutional and valid, and limits the right of appeal from the municipal court of the city of Duluth to the district court. No appeal lies direct to the supreme court.

Appeal by defendant from a judgment of the municipal court of Duluth, entered pursuant to the findings of Windom, J. Motion to dismiss appeal granted.

*John Jenswold, Jr.,* for appellant.
*H. B. Fryberger,* for respondent.

BROWN, J.

This action was brought in the municipal court of the city of Duluth, where plaintiff had judgment, from which defendant appealed to this court. Plaintiff moved to dismiss the appeal, on the ground

[1] Reported in 109 N. W. 697.

that no appeal lies directly from the municipal court of that city to the supreme court. The motion is granted.

The municipal court of the city of Duluth was created by chapter 53, p. 606, Sp. Laws 1891. The act creating it provided, after defining the powers and jurisdiction of the court, that:

> Any cause * * * may be removed from [the municipal court] to the supreme court * * * in like manner and upon like proceedings, and with like effect, as from the district courts of this state.

The act was amended by chapter 397, p. 664, Laws 1901, by which the right of appeal directly to the supreme court was taken away, and an appeal to the district court substituted. So that, under the amended act, appeals can be taken only to the district court, and from there to the supreme court. It is insisted on behalf of appellant that the amendment of 1901 is unconstitutional and void for the reasons (1) that it is in direct violation of section 33, article 4, of the constitution, prohibiting special legislation, and particularly the last clause of that section which provides that "the legislature may repeal any existing special or local law, but shall not amend, extend, or modify any of the same"; and (2) because the amendatory act was not passed in conformity with the provisions of section 1, article 6, of the constitution, in that it did not receive a two-thirds vote of each branch of the legislature.

1. We discover no force in either contention. Section 33 of article 4 of the constitution, prohibiting special legislation upon certain specified subjects, has no application to legislation sanctioned and authorized by section 1 of article 6. By that section, the legislature is expressly, in so many words, empowered by a two-thirds vote to create such courts inferior to the supreme court, as public interests may from time to time require. Section 33 was designed to prevent legislative abuses, such as the enactment of special or local laws in "job lots," and to require, in so far as practicable, a uniform set of statutes upon the subjects there enumerated. The prohibitions of that section are specific, not general, and are limited by the courts to the subjects particularly enumerated. Binney, Sp. Leg. 150, et seq.; State v. Village of Cloquet, 52 Minn. 9, 53 N. W. 1016. This question is

fully discussed by Justice Elliott in State v. Brown, 97 Minn. 402, 106 N. W. 477. The creation and establishment of courts do not come within its restrictions. Lamar v. Prosser, 121 Ga. 153, 48 S. E. 977; Lorentz v. Alexander, 87 Ga. 444, 13 S. E. 632; Combs v. State, 26 Ind. 98. The courts contemplated and authorized to be established by the constitution must necessarily, in some instances at least, be created for particular municipalities—our larger cities—and their authority and jurisdiction are properly made more extensive than would be necessary, or justifiable, in the case of smaller localities. But whether acts of the legislature creating them be special or local, in a strict sense, or not, it is clear that the prohibitions of section 33 do not apply. It was so held in State v. Sullivan, 67 Minn. 379, 69 N. W. 1094.

It follows that the legislature may amend or modify such an act, unaffected by the restrictions of section 33, whenever public interests demand or suggest a change.

2. Is it essential to the validity of such an amendment that it be passed by a two-thirds vote of the legislature? We think not. The provision of the constitution empowering the legislature to create new courts is in effect a provision for changing the constitution itself, an extraordinary power to be vested in the legislative department, manifestly transcending in importance the power to enact ordinary legislation; and it was wisely provided that two-thirds, rather than a bare majority of the legislature, should be necessary to the passage of legislation of that character. State v. Gould, 31 Minn. 189, 17 N. W. 276. But when the court is once created, the legislature may, as to matters of practice and procedure, amend and modify the act creating it, under the rules applicable to ordinary legislation. The reason for the two-thirds rule ceases with the creation of the court, and its continuance, as respects amendatory legislation, could serve no useful purpose. Though the legislature might not have power by an amendment to enlarge or further restrict the jurisdiction of the court thus created, except by a two-thirds vote—upon which we express no opinion—it is clear that no such vote is necessary to support an amendment of the character of that here under consideration. The amendatory act modified the original act only in respect to matters

of practice and procedure, and, for the reasons stated, is not invalid, because not enacted by a two-thirds vote of the legislature.

Though the amendment does not expressly remove from the original act the right of appeal to the supreme court, the general provision that after its passage all appeals shall be taken to the district court, coupled with the section repealing all inconsistent acts, operates as a complete change of the law on the subject. Respondent did not waive his right to move to dismiss the appeal by requiring appellant, under the rules, to cause a proper writ to be made to this court.

Appeal dismissed.