### LIZZIE M. SPRAGUE

#### *vs.*

### INHABITANTS OF THE COUNTY OF ANDROSCOGGIN.

## Androscoggin.    Opinion September 12, 1908.

*Criminal Law.   Right of Appeal.   Jury Trial.   Private and Special Laws, 1891, chapter 132, section 12; Statute 1905, chapter 123, section 6; 1907, chapter 42. Revised Statutes, chapter 133, sections 2, 3, 4, 5, 6, 17.*

1. Chapter 42 of the Laws of 1907, providing that a husband who, without lawful excuse deserts his wife, or neglects to support her when in need may be fined and imprisoned, and that the proceeds of his labor while in jail estimated as the statute provides, shall be paid to his wife, is not unconstitutional on the ground that the respondent is deprived of a jury trial.

2. The proceeding being a criminal one, the accused convicted by a municipal court has necessarily the same right of appeal under the general statute, R. S., chapter 133, section 17, that he would have if convicted of any other offense ; and having the right to appeal, he is not deprived of a trial by jury in the appellate court.

3. Inasmuch as this case comes up on report, and the only question argued is that of the constitutionality of the statute, the court does not consider the question whether the form of remedy adopted is appropriate, or could be sustained, if objected to.

On report.    Judgment for plaintiff.

Action to recover money alleged to be due the plaintiff by virtue of the provisions of chapter 42, Public Laws of 1907. Plea, the general issue.

When this action came on for trial, an agreed statement of facts was filed and the case was then reported to the Law Court for determination,. with the stipulation "that if judgment is for the plaintiff the defendant is to be defaulted in the sum of twelve dollars with full costs."

The case appears in the opinion.

*Harry Manser*, for plaintiff.

*McGillicuddy & Morey*, for defendants.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, BIRD, JJ.

SAVAGE, J. Action to recover money alleged to be due the plaintiff by virtue of the provisions of chapter 42 of the Public Laws of 1907. The case comes up upon an agreed statement of facts, and the defendant makes no objection to the present form of proceeding. Hence we do not consider whether it is the proper form or not. The only question raised in argument is the constitutionality of the statute above referred to, and that question we will decide.

The statute provides in substance that if a husband, without lawful excuse, deserts his wife in destitute or necessitous circumstances, or if, being able by means of his property or labor to provide for her necessary support, he wilfully neglects or refuses so to do when she is in destitute or necessitous circumstances, he shall be deemed guilty of a misdemeanor, and may be fined or imprisoned, or both; that the court may direct that a fine imposed shall be paid wholly or in part to the wife; that, in lieu of punishment, or in addition thereto, the court may order the payment of weekly sums to the wife for one year, and release the husband from custody on his entering into a recognizance conditioned for his personal appearance whenever ordered to do so within the year, and for his compliance with the order of payment; that when the husband is sentenced to hard labor and is actually employed in such labor in the county jail, the jailer shall each week certify to the county commissioners the number of days the prisoner has been thus employed, and that the county commissioners shall thereupon draw their order for a sum equal to fifty cents for each day's labor, and the county treasurer shall pay the same to the wife. It is further provided that the fines and penalties named in the act may be recovered and enforced by complaint or indictment. Municipal courts are given jurisdiction of such complaints.

In this case the complaint originated in the Auburn Municipal Court. The husband was convicted and sentenced to hard labor in the jail in Androscoggin County and labored twenty-four days. All the necessary statutory steps to establish the plaintiff's right to the money sued for have been taken or waived.

The principal if not the only ground upon which the constitutionality of the act is questioned by counsel is that the husband complained against is deprived of the right of a trial by jury because he has no right of appeal. *Cotton* v. *Cotton*, 103 Maine, 210, is cited as authority for this position. That case arose under chapter 123, section 6, of the Public Laws of 1905, under the provisions of which, a husband of sufficient ability who wilfully and without reasonable cause neglects or refuses to support his wife, may, by a civil proceeding, be compelled to contribute to her support. In such cases, the Supreme Judicial Court, the Superior Courts, the Probate Courts, and Municipal Courts, have concurrent jurisdiction. In *Cotton* v. *Cotton*, it was held, for reasons not necessary to be repeated, that such a proceeding commenced in a municipal court is not appealable.

That, however, is not this case. The statute under which these proceedings arose is a criminal statute. It creates an offense. It provides for a criminal proceeding. It is not a substitute for the statute under which *Cotton* v. *Cotton* arose, but is additional to it. It provides another and sharper method of enforcing the duties of husbands to necessitous wives.

The proceeding being a criminal one, the accused convicted by a municipal court has necessarily the same right of appeal under the general statute, R. S., chap. 133, sect. 17, that he would have if convicted of any other offense. Within the meaning of this section relating to appeals, the term "magistrate" includes judges of municipal courts as well as trial justices. See same chapter, sections 2, 3, 4, 5 and 6. See also the act creating the Auburn Municipal Court, respecting the right of appeal. Private and Special Laws of 1891, chap. 132, sect. 12. The right of appeal appertains to all criminal proceedings within the jurisdiction of municipal courts.

It is too well settled to require discussion, that one put on trial in a municipal court for an offense within its jurisdiction is not unconstitutionally deprived of his right to a trial by jury, when he is freely allowed an appeal to a court where a jury trial can be had. *Johnson's Case*, 1 Maine, 230; *State* v. *Gurney*, 37 Maine, 156; *State* v. *Craig*, 80 Maine, 85.

The counsel for the defendant also discusses the policy of the statute, but with that we have nothing to do.

To enact that a husband who, without lawful excuse, deserts his wife or neglects to support her when in need, may be fined and imprisoned, and that the proceeds of his labor while in jail, estimated as provided in this statute, shall be paid to his wife, does not transcend in any respect our conception of constitutional legislative power.

*Judgment for the plaintiff for twelve dollars.*