STATE EX REL. CHARLES W. MEISTER v. J. RICHARD STANWAY
AND ANOTHER.[1]

May 4, 1928.

No. 26,900.

**Jurisdiction of Golden Valley justice of the peace.**

Writ of prohibition granted against justice of the peace in Golden Valley because he has not jurisdiction to try a criminal case for an offense committed in city of Minneapolis.   [Reporter]

Criminal Law, 16 C. J. p. 159 n. 77; p. 184 n. 5, 7.
Justices of the Peace, 35 C. J. p. 454 n. 62.
Prohibition, 32 Cyc. p. 611 n. 92.

See 16 R. C. L. pp. 350-353; 4 R. C. L. Supp. 1054.

Alternative writ of prohibition upon the relation of Charles W. Meister, directed to the defendants to restrain them from proceeding further in a criminal action against the relator pending before the defendant J. Richard Stanway as justice of the peace of the village of Golden Valley.   Let writ issue.

*Sidney A. Perkins,* for relator.

PER CURIAM.

Order to show cause why the defendants, J. Richard Stanway as justice of the peace in and for the village of Golden Valley, Hennepin county, Minnesota, and Pearl Albeen, complainant in the action in question, should not be prohibited from further proceeding in a criminal action pending before said justice against Charles W. Meister, the relator.

Complaint was made by Pearl Albeen before the justice under G. S. 1923, § 10136, charging relator with the crime of failing to support his minor child. Relator was arrested and brought before the justice. He plead not guilty, then moved "to quash" the complaint. The case was thereafter adjourned. Relator at one time moved for a jury trial. The case is pending, and the justice and complainant intend to proceed to the trial thereof. Relator asks to have the further prosecution of the suit restrained on the ground that the justice is without jurisdiction to try the same. The crime charged is alleged to have been committed in the city

[1]Reported in 219 N. W. 452.

of Minneapolis, Hennepin county, a city of the first class, having a population of over 200,000. It has a municipal court under a home rule charter which does not provide for any justices of the peace.

Justice courts are provided for by the state constitution, but the extent of their jurisdiction is left to the legislature to determine. Const. art. 6, § 8. "A justice of the peace is an officer of special and limited jurisdiction, and derives all his power and authority from the statute, and must confine himself in the trial of causes within the limits prescribed by statute." Holgate v. Broome, 8 Minn. 209, 212 (243). In Burke v. St. P. M. & M. Ry. Co. 35 Minn. 172, 28 N. W. 190, Sp. L. 1885, p. 236, c. 74, depriving justices of the peace in Minneapolis of jurisdiction in civil actions, was sustained as constitutional. Later, by Sp. L. 1891, p. 757, c. 125, justices of the peace were again provided for in Minneapolis, but jurisdiction of justices outside of the city was thereby limited so that they could not issue process to be served within the city; and this act was held valid. Smith v. Victorin, 54 Minn. 338, 56 N. W. 47. Neither of these special laws is now in force, but G. S. 1923, § 9005, prohibits any justice from issuing any process or summons in a civil action to be served within a city of over 200,000 inhabitants, and § 9110 provides that no justice of the peace shall have jurisdiction of any offense committed within a city or village having an organized municipal court, except in cases where such municipality has a home rule charter providing for justices of the peace.

The city of Minneapolis comes within these two sections, and it follows that the justice of the peace in Golden Valley has no jurisdiction to try a criminal case for an offense committed in the city of Minneapolis. See also State ex rel. Rosckes v. Dreger, 97 Minn. 221, 106 N. W. 904. Defendants show that relator entered his plea and asked for a continuance and a jury trial. He thereby no doubt waived any question as to jurisdiction over his person. Relator however could not confer jurisdiction upon the justice to hear or try a case the subject matter of which was excluded from the jurisdiction of such justice.

Let the writ prayed for issue.