# STATE EX REL. WILBUR SHERMAN BEST v. THOMAS J. GIBBONS.[1]

April 1, 1938.

No. 31,744.

Eugene F. Matthews, for relator.

M. F. Kinkead, County Attorney, and James F. Lynch and Richard B. Ryan, Assistant County Attorneys, for respondent.

PETERSON, JUSTICE.

Relator by writ of *habeas corpus* issued out of this court chal-

[1]Reported in 278 N. W. 578.

lenges the jurisdiction of a justice of the peace of the town of Rose in the county of Ramsey to hear and determine a charge of petit larceny for which he was convicted. His claim before the justice and in this court is that L. 1921, c. 362, abolished the criminal jurisdiction of all justices of the peace in Ramsey county. Chapter 362 is entitled: "An act to amend the laws relating to the municipal court of the city of St. Paul," and the provision thereof upon which relator relies is as follows:

"The said court [municipal court of St. Paul] shall have exclusive jurisdiction to hear all complaints and conduct all examinations and trials in criminal cases arising or triable within the county of Ramsey heretofore cognizable before a justice of the peace or arising under the charter, ordinances, laws, regulations or by-laws of said city of St. Paul."

In opposition to the writ it is contended that the quoted portion of c. 362 is unconstitutional upon the grounds that it is special legislation and violative of so much of the state constitution, art. 4, § 33, as provides: "The legislature shall pass no local or special law regulating * * * the powers, duties and practice of justices of the peace, magistrates and constables; * * *"

■ Under art. 6, § 8, of the constitution, the legislature has the power to "provide for the election of a sufficient number of justices of the peace in each county, * * * whose duties * * * shall be prescribed by law." Under this provision the legislature has the power to determine how many justices there shall be in any county and what shall be their duties. The legislature may determine that there shall be no justice of the peace in any given county or portion thereof, and it may restrict the constitutional jurisdiction of justices of the peace. Burke v. St. P. M. & M. Ry. Co. 35 Minn. 172, 28 N. W. 190; Smith v. Victorin, 54 Minn. 338, 56 N. W. 47. Under art. 6, § 1, of the constitution, the legislature has the power from time to time to establish by a two-thirds vote courts inferior to the supreme court. It may confer on these courts exclusive jurisdiction. It may confer on them the jurisdiction ordinarily exercised by justices of the peace and abolish the jurisdic-

tion of the justice of the peace so conferred upon such courts. Burke v. St. P. M. & M. Ry. Co. 35 Minn. 172, 28 N. W. 190; State ex rel. Hagestad v. Sullivan, 67 Minn. 379, 69 N. W. 1094; State ex rel. Rosckes v. Dreger, 97 Minn. 221, 106 N. W. 904; Dahlsten v. Anderson, 99 Minn. 340, 109 N. W. 697; State ex rel. Meister v. Stanway, 174 Minn. 608, 219 N. W. 452.

■ The quoted portion of c. 362 is violative of the quoted portion of art. 4, § 33, *supra,* because it is special legislation regulating the powers, duties, and practices of justices of the peace and magistrates. It deals exclusively with the laws relating to the municipal court of the city of St. Paul. It does not even purport to be general legislation. It regulates the powers, duties, and practice of the justices of the peace in Ramsey county outside of the city of St. Paul by entirely abolishing their jurisdiction of criminal cases. The judges of the municipal court of St. Paul are magistrates. Compton v. Alabama, 214 U. S. 1, 29 S. Ct. 605, 53 L. ed. 885, 16 Ann. Cas. 1098; Marks v. Eckerman, 57 App. D. C. 340, 23 F. (2d) 761; Collins v. Traeger (9 Cir.) 27 F. (2d) 842; State ex rel. Myers v. Allen, 83 Fla. 655, 92 So. 155; Sprague v. County of Androscoggin, 104 Me. 352, 71 A. 1090; Ex parte Gugenhine v. Gerk, 326 Mo. 333, 31 S. W. (2d) 1; People ex rel. Petrucci v. Hanley, 121 Misc. 624, 202 N. Y. S. 87; 2 Bouvier, Law Dictionary (3 ed.) 2061. The statute regulates the powers, duties, and practice of magistrates by enlarging the jurisdiction of the municipal court of the city of St. Paul so as to confer upon it exclusive jurisdiction in Ramsey county of all misdemeanors and the power to act as committing magistrate.

■ It is contended, however, that art. 4, § 33, of the constitution has no application to legislation relating to the creation of courts and that the power of the legislature under art. 6, § 1, is unlimited and unaffected by art. 4, § 33. That this is generally true is settled by our decisions in State ex rel. Hagestad v. Sullivan, State ex rel. Rosckes v. Dreger, and Dahlsten v. Anderson, *supra,* but it is not without qualification. Those cases did not involve or decide the precise point before us for decision. It is to be remembered that in the absence of constitutional provision the power of the

legislature to create courts is absolute and without restriction. The provisions of the state constitution, instead of conferring and enlarging the power of the legislature with respect to the creation of courts, are limitations of that right in the strict sense of that term. State ex rel. Simpson v. City of Mankato, 117 Minn. 458, 136 N. W. 264, 41 L.R.A.(N.S.) 111. State ex rel. Hagestad v. Sullivan, 67 Minn. 379, 69 N. W. 1094, is authority only for the point that a general act authorizing the establishment of municipal courts in all incorporated cities having a population of less than 5,000 inhabitants is not an act regulating the affairs of such cities. In State ex rel. Rosckes v. Dreger, 97 Minn. 221, 106 N. W. 904, the statutes there construed were passed prior to the enactment of art. 4, § 33, of the constitution. Dahlsten v. Anderson, 99 Minn. 340, 109 N. W. 697, as far as here pertinent, is authority for the proposition that the prohibition against amending, extending, or modifying a special or local law contained in art. 4, § 33, of the constitution has no application to legislation authorized by art. 6, § 1. The holding has been disapproved and criticized. 7 Minn. L. Rev. 147. The decision [99 Minn. 341] points out, however, that art. 4, § 33, prohibits "special legislation upon certain specified subjects," and "the prohibitions of that section are specific, not general, and are limited by the courts to the subjects particularly enumerated." It is to be interpreted as holding that in the absence of specific prohibition, under art. 4, § 33, the power to create courts under art. 6, § 1, is not limited by the former. We cannot say here as we did in the Dahlsten case that because no specific prohibition is enumerated there is none. A specific prohibition is enumerated. The statute involved in this case is prohibited by the specific prohibition of art. 4, § 33, against special laws regulating the powers, duties, and practice of justices of the peace and magistrates. We cannot hold otherwise unless we are prepared to nullify that part of art. 4, § 33, by judicial fiat. 7 Minn. L. Rev. 144. In this connection we observe that the jurisdiction of the municipal courts has been regulated successfully by general laws. See 1 Mason Minn. St. 1927, § 227 to 245. If the criminal jurisdiction of justices

of the peace is to be abolished in cases like this it can be done in a constitutional manner.

Our conclusion is that c. 362, insofar as it attempts to deprive justices of the peace of Ramsey county outside of the city of St. Paul of their criminal jurisdiction, is unconstitutional and void as local and special legislation, that the justice of the peace had jurisdiction to hear and determine the charge against relator and enter the judgment of conviction.

Writ discharged.