**Francis T. LEMIEUX, Petitioner,**

v.

**Allan L. ROBBINS, Warden Maine State Prison, Respondent.**

Civ. No. 10–97.

United States District Court
D. Maine, S. D.

Dec. 30, 1968.

Jeremiah D. Newbury, S. Mason Pratt, Portland, for petitioner.

John W. Benoit, Jr., Garth K. Chandler, Asst. Attys. Gen., Augusta, for respondent.

## OPINION AND ORDER OF THE COURT

GIGNOUX, District Judge.

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1964), et seq. The question presented is whether the State of Maine deprived petitioner of any federal constitutional right when, following his appeal from a District Court conviction and his trial de novo in the Superior Court, he received a greater sentence of imprisonment in

the Superior Court than had been imposed in the District Court.

Petitioner was charged with the crime of assault in violation of 17 M.R.S.A. § 201 (1964) by complaint, dated May 3, 1966, issued out of the Maine District Court, District 11. The Maine statute under which petitioner was charged provides:

> Whoever unlawfully attempts to strike, hit, touch or do any violence to another however small, in a wanton, willful, angry or insulting manner, having an intention and existing ability to do some violence to such person, is guilty of an assault. If such attempt is carried into effect, he is guilty of an assault and battery. Any person convicted of either offense, when it is not of a high and aggravated nature, shall be punished by a fine of not more than $100 or by imprisonment for not more than 6 months, or by both. When the offense is of a high and aggravated nature, the person convicted of either offense shall be punished by a fine of not more than $1,000 or by imprisonment for not more than 5 years, when no other punishment is prescribed.

In the District Court, petitioner, who was represented by court-appointed counsel, pleaded not guilty. After hearing, he was found guilty and sentenced to pay a fine of $100 or, in the alternative, to serve 30 days in the county jail. There is evidence to suggest that petitioner was thereupon advised by his counsel that, if he were to take an appeal to the Superior Court, which would entitle him to a trial de novo by a jury, the maximum sentence that could be imposed if he were again convicted would be six months in the county jail, the maximum sentence for an assault of a less than "high and aggravated nature." Petitioner seasonably appealed to the Oxford County Superior Court. After the appeal had been docketed in the Superior Court and before trial began, the county attorney obtained a grand jury indictment against petitioner charging the same offense and arising out of the same set of facts as alleged in the complaint. Petitioner filed a motion to dismiss the indictment, apparently on the ground that proceeding upon both the indictment and the pending complaint would constitute a double jeopardy in violation of Article I, § 8 of the Constitution of the State of Maine. While this motion was pending, the county attorney moved to dismiss the complaint "[B]ecause the same set of facts are incorporated in indictment No. 1000." Without notice to petitioner or his counsel, this motion was granted, petitioner's motion was denied, and the matter proceeded to trial by jury upon the indictment. At the trial, petitioner was again convicted of assault. The Superior Court justice then made a determination that the assault was of a "high and aggravated nature," and sentenced petitioner to serve a term of not less than one and one-half and not more than five years in the State Prison. He is presently in respondent's custody serving that sentence.

Petitioner sought post-conviction relief in the courts of the State of Maine under 14 M.R.S.A. § 5501 (1964), et seq. His petition was denied by the single justice, and the denial was affirmed by the Supreme Judicial Court of Maine. Lemieux v. State, 240 A.2d 206 (Me.1968). Petitioner thereupon filed his present petition in this Court. He has been permitted to proceed in forma pauperis and has been represented by court-appointed counsel throughout these proceedings. In his present petition, petitioner contends that the imposition of the harsher sentence following his trial de novo in the Superior Court violated his federal constitutional rights to due process and equal protection of the laws and to be secure from being twice put in jeopardy for the same offense. Since the same grounds were also asserted by petitioner in support of his petition for post-conviction relief in the Maine courts, it is conceded that he has exhausted his available state remedies with respect to the federal constitutional questions which he now raises, as required by 28 U.S.C. § 2254 (Supp. II 1964).

■ For a proper understanding of the problems presented by the present case, it is necessary at the outset to review briefly the relevant Maine statutory and case law and rules of criminal procedure. Since the statutory revision of 1841, Maine law has observed the traditional bifurcation between petty crimes, or misdemeanors, and major crimes, or felonies. Ex parte Gosselin, 141 Me. 412, 44 A.2d 882 (1945). Then, as now, the basis of distinction was whether the crime was punishable by imprisonment in the State Prison. R.S.1841, c. 167, § 2; 15 M.R.S.A. § 451 (1964). 15 M.R.S.A. § 1703 (1964) provides that: "Unless otherwise specially provided, all imprisonments for one year or more shall be in the State Prison; and all for a less term, in the county jail or house of correction. * * * *" Accordingly, any crime that carries a maximum punishment of one year or more imprisonment is a felony under Maine law.[1]

In Maine, original jurisdiction for the trial of all crimes is divided between the District Courts and the Superior Courts. The District Courts have trial jurisdiction only of misdemeanors. 4 M.R.S.A. §§ 152, 165 (1964). The Superior Courts have jurisdiction concurrent with the District Courts of the trial of misdemeanors and also have exclusive original jurisdiction of the trial of felonies. 15 M.R.S.A. § 1 (1964).

All criminal proceedings originally brought in the Superior Court and all felony proceedings must be prosecuted by indictment found by a grand jury, unless the matter is one in which prosecution by information is authorized by statute, and the defendant waives indictment. 15 M.R.S.A. § 701 (1964); M.R.Crim.P. 7(a).[2] All other criminal proceedings are commenced by complaint, usually before a magistrate.[3] M.Dist.Ct.Crim.R. 3; M.R.Crim.P. 3. When it appears to a District Court judge, on preliminary examination, that there is probable cause that a defendant has committed an offense over which the District Court has no jurisdiction, he is required to bind the defendant over to the grand jury for further proceedings by indictment in the Superior Court. 4 M.R.S.A. § 171 (1964); M.R.Crim.P. 5(c); State v. Jones, 73 Me. 280 (1882).

Trial by jury has never been available to a criminal defendant in the Maine District Courts. 3 Glassman, Maine Practice, Rules of Criminal Procedure, § 23.2. However, an aggrieved defendant may, as of right, appeal a conviction in the District Court to the Superior Court, where he is entitled to a trial de novo by jury. M.Dist.Ct.Crim.R. 37, 39(b).[4] Under this procedure, trials de novo for misdemeanors usually proceed on the original complaint. The State may, however, move, prior to trial, to dismiss the complaint. M.R.Crim.P. 48(a), and proceed by indictment as was done in the present case.

■ The statute under which petitioner was convicted, 17 M.R.S.A. § 201 (1964), took substantially its present form in 1872. Acts of 1872, c. 82. Over the years, the Maine court has settled several questions which have arisen regarding the construction of the statute.

---

1. It has been held that it is the *possible* punishment and not the *actual* punishment that determines whether an offense is a felony under these provisions. Smith v. State, 145 Me. 313, 75 A.2d 538 (1950); State v. Vashon, 123 Me. 412, 123 A. 511 (1924).

2. Contempt of court is a statutory exception. 15 M.R.S.A. § 701 (1964).

3. As used in the Maine criminal procedural rules, the term "magistrate" refers to a judge of the District Court, a judge of the municipal court, or a trial justice.

M.R.Crim.P. 54(c); M.Dist.Ct.Crim.R. 54(c). There are no longer any municipal courts or trial justices in Maine, the District Court Act of 1961 having provided for their gradual replacement by District Courts. Maine Laws 1961, c. 386, § 2; 3 Glassman, Maine Practice, Rules of Criminal Procedure, § 1.1. See also Maine Laws 1963, c. 402, § 280.

4. The defendant may, at any time prior to the docketing of the appeal in the Superior Court, move to withdraw his appeal and abide the District Court senence. M.Dist.Ct.Crim.R. 39(c).

It has been held that the Act does not create a separate offense of "aggravated assault"; but, rather, whether or not the offense is of a "high and aggravated nature" goes only to the measure of punishment. State v. Bey, 161 Me. 23, 206 A.2d 413 (1965); State v. McKrackern, 141 Me. 194, 41 A.2d 817 (1945); Rell v. State, 136 Me. 322, 9 A.2d 129, 125 A.L.R. 602 (1939). Since sentencing is a matter for the court, the issue of aggravation is for the court's determination, and the jury has no role in making this finding. State v. McKrackern, supra.[5]

This Court recognizes that it should not lightly interfere with state criminal process. However, after a careful review of the relevant authorities, it is persuaded that the harsher sentence petitioner received following the trial de novo constituted a violation of his rights to due process and equal protection of the laws, as protected against state infringement by the Fourteenth Amendment to the Constitution of the United States. In view of this conclusion, it is unnecessary to decide, and the Court expresses no view, as to whether the procedures employed caused petitioner to be twice put in jeopardy for the same offense,[6] or whether the double jeopardy clause of the Fifth Amendment is applicable to the states.[7]

I. *Due Process.*

 It has become a constitutional commonplace that a state may not condition the availability of even a gratuitous benefit upon the waiver of a constitutional right. See, e. g., Sherbert v. Verner, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed. 2d 965 (1963); Frost & Frost Trucking Co. v. Railroad Comm'n. of State of California, 271 U.S. 583, 46 S.Ct. 605, 70 L.Ed. 1101, 47 A.L.R. 457 (1926); Note, Unconstitutional Conditions, 73 Harv.L. Rev. 1595 (1960). In the present context, this has been taken to mean that a state may not condition the right of a criminal defendant to appeal from an erroneous conviction upon relinquishment of the protection against an increased sentence to which he would be entitled if he did not exercise that right. Marano v. United States, 374 F.2d 583 (1st Cir. 1967); Patton v. North Carolina, 381 F. 2d 636 (4th Cir. 1967), cert. denied, 390 U.S. 905, 88 S.Ct. 818, 19 L.Ed.2d 871 (1968); Rice v. Simpson, 274 F.Supp. 116 (M.D.Ala.1967), aff'd, Simpson v. Rice, 396 F.2d 499 (5th Cir.), cert. granted, 393 U.S. 932, 89 S.Ct. 292, 21 L.Ed.2d

---

5. Petitioner did not contend in his post-conviction proceedings in the state courts that allowing the trial judge to determine the existence of aggravation is a deprivation of his constitutional right to trial by jury under the Sixth and Fourteenth Amendments. Accordingly, this Court cannot, under 28 U.S.C. § 2254 (1964), consider this question. Compare State v. Cuccinello, 152 Me. 431, 133 A.2d 889 (1957) with Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

6. Petitioner contends that, despite contrary "dictum" by the Maine Supreme Judicial Court, see State v. Bey, supra, State v. McKrackern, supra, Rell v. State, supra, the assault statute in reality creates two distinct offenses, the misdemeanor of simple assault and the felony of aggravated assault. Analogizing his situation to that of the defendant in Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L. Ed.2d 199, 61 A.L.R.2d 1119 (1957), he argues that he was impliedly acquitted of aggravated assault and his jeopardy for further prosecution for that crime ended when the District Court judge failed to bind him over to the grand jury. See also Patton v. North Carolina, 381 F.2d 636 (4th Cir. 1967), cert. denied, 390 U. S. 905, 88 S.Ct. 818, 19 L.Ed.2d 871 (1968); United States ex rel. Hetenyi v. Wilkins, 348 F.2d 844 (2d Cir. 1965), cert. denied, 383 U.S. 913, 86 S.Ct. 896, 15 L.Ed.2d 667 (1966); People v. Henderson, 60 Cal.2d 482, 35 Cal.Rptr. 77, 386 P.2d 677, 686 (1963).

7. Compare Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937) and Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959) and Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 67 S.Ct. 374, 91 L.Ed. 422 (1947) and United States ex rel. Bland v. Nenna, 282 F.Supp. 754 (S.D.N.Y. 1968) with United States ex rel. Hetenyi v. Wilkins, supra, and Patton v. North Carolina, supra, and Barnett v. Gladden, 375 F.2d 235 (9th Cir. 1967) (dictum).

268 (U.S. August 19, 1968); cf. Walsh v. United States, 374 F.2d 421 (9th Cir. 1967). See Van Alstyne, In Gideon's Wake: Harsher Penalties and the "Successful" Criminal Appellant, 74 Yale L.J. 606 (1965); Note, 80 Harv.L.Rev. 891 (1967). But cf. United States ex rel. Starner v. Russell, 378 F.2d 808, 809 (3d Cir.), cert. denied, 389 U.S. 889, 88 S.Ct. 166, 19 L.Ed.2d 189 (1967); United States v. White, 382 F.2d 445 (7th Cir. 1967), cert. denied, 389 U.S. 1052, 88 S. Ct. 796, 19 L.Ed.2d 846 (1968).[8]

The *Marano* case is illustrative of the principle involved. In that case, the defendant was convicted and given a three-year sentence at his first trial. On appeal, his conviction was vacated and a new trial ordered. At the second trial the defendant was again convicted, and upon his second conviction was given a five-year sentence. In holding that the increased sentence was impermissible in the absence of circumstances, appearing in the record, which warranted it, the Court of Appeals for this Circuit stated, 374 F.2d at 585:

> As we have recently held, a defendant's right of appeal must be unfettered. Worcester v. Commissioner of Internal Revenue, 1 Cir., 1966, 370 F.2d 713. So far as sentence is concerned, this principle cannot be restricted to those situations in which a defendant, in deciding whether to appeal, must contemplate the certainty of an increased sentence if he obtains a new trial and is convicted again. Not only must he not be faced with such certainty, Worcester v. Commissioner of Internal Revenue, supra, he likewise should not have to fear even the possibility that his exercise of his right to appeal will result in the imposition of a direct penalty for so doing. * * * But, equally, the judge should

not be permitted to change his mind by deciding that he had been too lenient the first time, as was suggested here during oral argument, or, if a new judge, by having a different approach towards sentencing. * * * Such possibilities, if they had to be recognized, might well be substantial deterrents to a decision to appeal. (footnotes omitted).

Similarly, in the *Patton* case, the Court of Appeals for the Fourth Circuit held that sentencing the defendant to a longer term of imprisonment at retrial than he received upon his original conviction, which was vacated in post-conviction proceedings, constituted a violation of his Fourteenth Amendment rights "in that it exacted an unconstitutional condition to the exercise of his right to a fair trial * * *." 381 F.2d at 646. The court observed, id. at 639:

> The risk of a denial of credit or the risk of a greater sentence, or both, on retrial may prevent defendants who have been unconstitutionally convicted from attempting to seek redress. For this reason, the District Court declared that predicating Patton's constitutional right to petition for a fair trial on the fiction that he has consented to a possibly harsher punishment, offends the due process clause of the Fourteenth Amendment. It would confront the prisoner with the unhappy choice of either abandoning his constitutional right to a fair trial and serving out his prison term under the invalid sentence, or exercising that right under the hazard, in the event of a second conviction, of being treated as though the years of imprisonment already served had never occurred.

This is like the 'grisly choice' discountenanced in Fay v. Noia [372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837],

---

8. The current division among the circuits on the question of whether, and if so under what conditions, a court may constitutionally impose a harsher sentence following a new trial may soon be authoritatively resolved, since the Supreme Court has recently granted certiorari in two cases presenting this issue: Pearce v. North Carolina, 397 F.2d 253 (4th Cir. 1968), cert. granted, 393 U.S. 922, 89 S.Ct. 258, 21 L.Ed.2d 258 (U.S. August 17, 1968) and Simpson v. Rice, supra.

\* \* \* 'The law should not, and in our judgment does not, place the defendant in such an incredible dilemma.' Green v. United States [355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199]. \* \* \* (footnotes omitted).

The conclusion is inescapable that the Maine procedure, as applied in the present case, improperly conditioned petitioner's right to appeal from his District Court conviction upon the waiver of his immunity from a sentence harsher than that imposed by the District Court. It is not disputable that under Maine law, if petitioner had not appealed, his sentence could not have been increased after the trial court term had expired and service of the sentence had begun. State v. Blanchard, 156 Me. 30, 159 A.2d 304 (1960); State v. Sturgis, 110 Me. 96, 85 A. 474 (1912); Brown v. Rice, 57 Me. 55 (1870). Cf. United States v. Sacco, 367 F.2d 368 (2d Cir. 1966); United States v. Adams, 362 F.2d 210 (6th Cir. 1966); Kennedy v. United States, 330 F. 2d 26 (9th Cir. 1964). Similarly, it can hardly be doubted that petitioner had a constitutional right to appeal from an erroneous conviction in the District Court. He clearly had such a right if the District Court proceeding was infected with constitutional error. Patton v. North Carolina, supra; Van Alstyne, supra at 613, n. 25; 80 Harv.L.Rev. at 895. More doubt may attend the existence of such a right in a case of nonconstitutional error. Van Alstyne, supra at 613; 80 Harv.L. Rev. at 895. But cf. Marano v. United States, supra. But the Maine practice provides no opportunity for a defendant who is convicted by a District Court to specify whether his claim of error, if any, is of constitutional dimensions. Under these circumstances, the clear import of the procedure followed was to force upon petitioner the risk of a more severe punishment as the price for securing his right to appeal from his District Court conviction and to obtain a trial de novo by a jury in the Superior Court. In thus conditioning petitioner's right to appeal, the state denied him the due process of law guaranteed by the Fourteenth Amendment.[9]

Only one further comment is necessary. The traditional rationale for allowing a court to impose a harsher sentence following a new trial is that, by appealing, the defendant has "waived" all the consequences of his first conviction, including the benefit of the sentence imposed. It is said that, having elected for a new trial, the defendant may not, under the rules of the game, question his second sentence, however much harsher than his first. As a variation, it is suggested that the second sentence cannot be considered more severe than the first sentence, since the latter no longer exists, having been "voided" or "wiped out" by the docketing of the appeal. This rationale has been variously described as a "sporting theory of equity," 80 Harv.L. Rev. at 893, as a "Draconian doctrine," Patton v. North Carolina, supra, 381 F. 2d at 638 n. 5, and as "in the vein of The Mikado." King v. United States, 69 App. D.C. 10, 98 F.2d 291, 293 (1938). This Court is in accord with the Fourth Circuit in rejecting it as an "unworthy pre-

---

9. It is also undisputed that under the Maine Constitution, petitioner had a right to a jury trial of the charge against him, and that since a jury trial was not available to him in the District Court, his right to trial by jury was secured to him only so long as he was "freely allowed an appeal to a court where a jury trial can be had." Sprague v. Inhabitants of Androscoggin County, 104 Me. 352, 354, 71 A. 1090, 1091 (1908) and authorities cited therein; 3 Glassman, supra at § 23.2.

This Court is aware that Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) indicates that petitioner had no federal constitutional right to a jury trial on the charge of simple assault of which he was convicted by the District Court in this case. However, the Maine court seems to have rejected the "petty offense" concept in implementing the right of a criminal defendant to a trial by jury as guaranteed by the Maine Constitution. Johnson's Case, 1 Me. 230 (1821); 3 Glassman, supra at § 23.2.

tense." Patton v. North Carolina, supra, 381 F.2d at 639. See also Green v. United States, supra, 355 U.S. at 191–192, 78 S.Ct. 221. Passing the legal question-begging aspects of the formulation, to argue that a defendant, having gambled on an appeal, must abide the result, is to suggest that appellate review is more a game of chance than an instrument for correcting injustice. As Judge Sobeloff noted in Patton v. North Carolina, supra, "Courts should not be astute to fashion legal fictions to attain unjust ends."

## II. *Equal Protection.*

Equally compelling is the conclusion that the harsher sentence petitioner received following his trial de novo in the Superior Court denied him the equal protection of the laws guaranteed by the Fourteenth Amendment. As previously indicated, Maine forbids an increase in a defendant's sentence after the trial court's term has expired and execution of the sentence has begun. Thus, under the procedure here followed the risk of increased punishment is borne exclusively by those who choose to appeal. The state may not, consistent with the Equal Protection Clause, discriminate in this manner against those who exercise their right to appeal, unless done pursuant to some legitimate state interest which is not fairly attainable by some other, less discriminatory means, and unless the basis for the classification is reasonably relevant to this legitimate interest. Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131 (1915); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R. 2d 1055 (1956); Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957); Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968).[10] The State of Maine has suggested no such valid policy, and this Court can

conceive of none. Certainly, it cannot be presumed that all such appeals are frivolous, and, as the court stated in People v. Henderson, 60 Cal.2d at 497, 386 P.2d at 686, "Since the state has no interest in preserving erroneous judgments, it has no interest in foreclosing appeals therefrom by imposing unreasonable conditions on the right to appeal." Furthermore, if the state does wish to discourage frivolous appeals, it may attain this end by other, less coercive means. See 80 Harv.L.Rev. at 893, n. 12. Even on the doubtful premise that the state has a legitimate interest in increasing the sentences of those too leniently treated, the means here chosen are not reasonably related to that end. See Patton v. North Carolina, supra, 381 F.2d at 642. In any event, whatever interest the state might have in permitting the upward revision of a sentence following a new trial would seem clearly to conflict with the strong state policy of maintaining the effectiveness of the right to appeal which its Legislature has granted. There can be little doubt that the risk of a greater sentence on retrial would deter many defendants from attempting to obtain relief from an erroneous conviction. In the absence of any showing of justification or necessity, the discrimination here disclosed is an arbitrary and unreasonable classification offensive to the Equal Protection Clause. See Whaley v. North Carolina, 379 F.2d 221 (4th Cir. 1967); Patton v. North Carolina, supra; Rice v. Simpson, supra; Van Alstyne, supra at 636–639; 80 Harv.L.Rev. at 897.

For the reasons stated, this Court holds that the increased sentence imposed upon petitioner following his trial de novo in the Superior Court constituted a violation of his Fourteenth Amendment rights to due process and to the equal protection of the laws. Accordingly, the sentence im-

---

10. As the Supreme Court most recently stated in Levy v. Louisiana, supra, 391 U.S. at 71, 88 S.Ct at 1511:

 While a State has broad power when it comes to making classifications * * * it may not draw a line which constitutes an invidious discrimination against a particular class. * * *

Though the test has been variously stated, the end result is whether the line drawn is a rational one. * * *
See also Glona v. American Guarantee and Life Ins. Co., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968).

posed upon petitioner by the Oxford County Superior Court is vacated. Since petitioner has been incarcerated for a period well in excess of the 30-day term to which he was sentenced in the District Court, an order will be entered granting the petition, sustaining the writ, and directing that petitioner be discharged from respondent's custody forthwith.[11]

---

11. Petitioner has been ably represented throughout these proceedings by his Court-appointed counsel, Jeremiah D. Newbury, Esq. and S. Mason Pratt, Jr., Esq., of Portland, Maine.